## MYERS *v.* DISTRICT OF COLUMBIA.

---

DISTRICT OF COLUMBIA; BOARD OF SCHOOL TRUSTEES; COMMISSIONERS OF THE DISTRICT.

Neither the board of school trustees nor the commissioners of this District have any authority to bind the District of Columbia as a municipality by a contract for services rendered the public schools, in the absence of an appropriation by Congress providing for the payment for such services. (Construing acts of Congress of June 25, 1864, 13 Stat. at L. 187, chap. 156; and June 11, 1878, 20 Stat. at L. 103, chap. 180. ·

No. 1448. Submitted February 10, 1905. Decided March 7, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to an amended declaration in an action against the District of Columbia to recover for services alleged to have been

performed, the plaintiff having elected not to amend his declaration.                                    *Affirmed.*

The COURT in the opinion stated the case as follows:

The appeal herein is taken to review a judgment entered after hearing the case upon a demurrer to the amended counts of the declaration. As originally filed, the declaration contained five counts, three of which were withdrawn and the remaining two amended. As amended the first count of the declaration in substance charges that the appellant, Hyter Myers, the plaintiff below, on October 1, 1891, being then in the employ of the appellee, the District of Columbia, as janitor of Manual Training School No. 2, was requested by a member of the board of school trustees, and with the approval and consent of said board, to perform the duties of assistant engineer; that no compensation was agreed upon, but that the appellee by its said agents promised and agreed to pay him for such additional services a reasonable compensation, and upon the strength of which promises he continued to work; that he faithfully performed the duties requested of him and acted as assistant engineer until July 23, 1901; that the performance of the duties by him were known to and accepted by the appellee; that many times during the performance of such services he requested of the appellee payment for his work, to which answer was made that he could not then be paid, but eventually would be; that because of this extra work he was obliged to have a helper during a great portion of the time, whom he paid out of his salary as janitor; that the value of his services as assistant engineer was $30 per month, or a total for the entire time of $3,532, for which, with interest from July, 1901, with costs, he claims herein, having demanded payment from the appellee, which was refused.

The second amended count differs from the first only in alleging an employment as night janitor from October 15, 1891, to July 23, 1901, the other averments of the count being the

same as in count one, and judgment being demanded for a similar amount, with interest.

The demurrer runs to the entire amended declaration, and presents these matters of law:

"1. That the board of trustees of the public schools had not, nor had any alleged agent of the said board of trustees, authority to bind the District of Columbia to the payment of any services rendered for the said public schools, in the absence of an appropriation providing for the payment of such services.

"2. The plaintiff has not alleged in its declaration any cause of action against the District of Columbia as a municipal corporation.

"3. And for other reasons apparent on the face of the declaration."

The first ground of demurrer raises the question of the power of the board of school trustees to bind the District of Columbia to the payment for services rendered for the public schools, in the absence of any appropriation providing for the payment for such services, or in the absence of any express statutory authority granted to them to make such contracts.

The court below having sustained the demurrer, the appellant presents the following assignment of errors:

"1. The court below erred in holding that the board of trustees of the public schools had not authority to bind the defendant appellee to the payment of the services rendered by the plaintiff, as set forth in the first and second counts of his declaration, in the absence of an appropriation specifically providing for the payment of such services.

"2. The court below erred, if it so decided, that the plaintiff had not alleged in his declaration any cause of action against the defendant as a municipal corporation.

"3. The court below erred in sustaining said demurrer."

*Mr. J. H. Ralston, Mr. F. L. Siddons,* and *Mr. W. E. Richardson* for the appellant.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

It is contended on behalf of the appellant that authority for the board of trustees to employ him as an assistant engineer and night janitor is found in the act of June 25, 1864 (13 Stat. at L. 187, chap. 156), the material part of which, so far as it relates to the contention, reads as follows:

"It shall be the duty of the　*　*　*　[school board] to provide suitable and convenient houses or rooms for holding schools for colored children, to employ and examine teachers therefor, and to appropriate a proportion of the school funds　*　*　*　to the building or renting of school rooms, and other necessary expenses pertaining to said schools, to exercise a general supervision over them, to establish proper discipline, and to endeavor to promote a thorough, equitable, and practical education of colored children in said　*　*　*　[portion of the District]." [§ 17, p. 191.]

This provision of law was in force when the so-called "organic law" of the District, approved June 11, 1878, went into effect, which abolished the old board of school trustees, and vested the authority to appoint a new board in the commissioners of the District of Columbia. After authorizing the appointment of such a board the act provided that said trustees should have the powers and perform the duties in relation to the care and management of the public schools which were then authorized by law. It further appears that said act imposed certain limitations upon the commissioners, and these limitations are equally binding upon the school trustees appointed by the commissioners. As it is stated in appellant's brief that the court below relied upon the section containing these limitations, we deem it best to set forth the material part of the section:

"And the commissioners of the District of Columbia shall have power, subject to the limitations and provisions herein contained, to apply the taxes or other revenues of said District to the payment of the current expenses thereof, to the support of the public schools, the fire department, and the police, and for that purpose shall take possession and supervision of all the

offices, books, papers, records, moneys, credits, securities, assets, and accounts belonging or appertaining to the business or interest of the government of the District of Columbia, and exercise the duties, powers, and authority aforesaid; but said commissioners, in the exercise of such duties, powers, and authority, shall make no contract nor incur any obligation other than such contracts and obligations as are hereinafter provided for and shall be approved by Congress." 20 Stat. at L. 103, chap. 180.

In the face of this prohibition, neither the commissioners, nor the school trustees acting for them, could justify the appointment of appellant as assistant engineer and night janitor, and bind the District to his payment, unless authority therefor be found in the said act or be approved by Congress. The argument of appellant is that the board of trustees appointed by the commissioners were to have the same powers and duties relative to the care and maintenance of the public schools as, at the time of the passage of the act of 1878, was then vested in the then school trustees, and that authority is to be found in the act of June 25, 1864. It is claimed that such power is given by the clause, "and other necessary expenses pertaining to said schools." When the act of June 25, 1864, is construed in the light of the act of June 11, 1878, we are far from being convinced that, under the clause referred to, the school trustees were authorized to exercise their discretion as to what were the "necessary expenses pertaining to said schools," and enter into all manner of contracts relating thereto, the money to pay which had not been appropriated by Congress. Conceding such power would open wide the doors for expenditures which would neither meet the approval of the commissioners of the District nor of Congress. As is well said by counsel for appellee:

"It is a matter of common knowledge that the school estimates, like other items of public expenditures, are made up each year and transmitted by the commissioners to Congress, and that the appropriations for the schools are based upon these estimates, some of them being passed entire, some cut down, and some stricken out altogether. The argument for the plaintiff,

however, is that the board of school trustees may bind the District by a contract for services, although Congress has refused to appropriate funds for that very purpose. In other words, the board, and not Congress, is the sovereign authority in the District of Columbia as to such matters, or as to any matters pertaining to the expenditure of public funds for the schools. The proposition, being reduced to a question of power between Congress and the board of school trustees, need not be pursued further. The conclusion is obvious."

Unless it appear that a court of competent jurisdiction has construed the act of 1864, when read in the light of the act of 1878, to warrant such contracts as the one in question, we do not feel justified in trying to spell out such a construction as here contended for, however much we may be impressed with the equities of the particular case before us. Rather it would seem to us the duty of a claimant, such as is the appellant, to look to Congress for relief, rather than to the courts. The latter would not be justified in overruling the plain intention of Congress by vesting legislative duties in the commissioners, or in the board of school trustees selected by them. The long delay of appellant in attempting to enforce his claim is persuasive in showing that he performed his additional duties, knowing that he could not be paid without authority being given the board of trustees by Congress. The original declaration alleges "that he could not be paid at that time because of the necessity for congressional appropriation."

In *District of Columbia* v. *Bailey*, 171 U. S. 161, 43 L. ed. 118, 18 Sup. Ct. Rep. 868, the court, in referring to the commissioners of the District of Columbia, said:

"These officers are without general power to contract debts or to adjust and pay the same; that, on the contrary, the statutes expressly deprive them of such power, and limit the scope of their authority to the mere execution of contracts previously sanctioned by Congress, or which they are authorized to make by express statutory authority. The necessary operation of these provisions of the statutes is to cause the District commissioners to be merely administrative officers, with ministerial

powers only. The sum of the municipal powers of the District of Columbia is neither vested in nor exercised by the District commissioners. They are, on the contrary, vested in the Congress of the United States, acting *pro hac vice* as the legislative body of the District, and the commissioners of the District discharge the functions of administrative officials."

And further on is to be found the following statement:

"It cannot be doubted that if the District commissioners themselves had seen fit to pass a resolution reciting that the appropriation by Congress for the improvement of the streets had been exhausted, and that a given sum of money was set aside to pay a claim for damages preferred against the District for having contracted when there was no appropriation, such action would have been, under the statutes, *ultra vires.*"

By analogy, no more could the commissioners, and much less the school trustees, exceed the appropriation for school purposes and enter into a valid contract with this appellant to employ him as assistant engineer and night janitor. Not only was there no money to compensate him, but, as above stated, he knew that fact. There was no contract made with him to pay him a specific sum. This fact, coupled with his failure to make any serious attempt to enforce his claim for a period of some ten years, shows the evils that would arise from attempting to override the express statutory enactments by a judicial construction thereof.

In the view we take of the case it is unnecessary to refer to the second or third counts of demurrer.

No error having been committed by the trial justice, it follows that the judgment of the court below should be affirmed, with costs, and it is so ordered.                    *Affirmed.*